JOHN A. RUSSO, City Attorney - State Bar #129729
RANDOLPH W. HALL, Chief Assistant City Attorney - State Bar #080142
WILLIAM E. SIMMONS, Supervising Trial Attorney - State Bar #121266
ARLENE M. ROSEN, Senior Deputy City Attorney - State Bar #100160
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 637-0360 Fax: (510) 238-6500
23854/337396

Attorneys for Defendant
City of Oakland

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN L. WHEELER, GLORIA A. WHEELER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, RONALD ABAD, DAVID CARRILLO, RICHARD FIELDING, JAMES FISHER, DAVID KOZICKI, ISAAC WILSON, ISAGANI PUGAO, ARLENE M. ROSEN, CALVIN M. WONG, BROOKFIELD HOMEOWNERS ASSOCIATION, WILEY WILLIAMS AND DOES 3 through 50, inclusive,<br><br>Defendants, | Case No.<br><br>**DEFENDANT CITY OF OAKLAND'S PETITION FOR REMOVAL TO FEDERAL COURT** |

Petitioner City of Oakland states as follows:

1. Defendant desires to exercise its rights under the provisions of Title 28 U.S.C. §1441, et seq. to remove this action from the Superior Court of the State of California, County of Alameda, Unlimited Jurisdiction, where this action is now pending as John L. Wheeler, et al. v. City of Oakland, et al., Superior Court No. RG04171730.

///

2. This is an action of a civil nature in which the District Courts of the United States have been given original jurisdiction in that it arises, in part, under the laws of the United States, as provided in 28 U.S.C. §1331 and, further, in that it arises out of Acts of Congress commonly known as 42 U.S.C. §1983, and the Fourth Amendment to the United States Constitution.

3. The date on or before which this defendant is required by the California Code of Civil Procedure and the Rules of Alameda County Superior Court to answer or otherwise plead to Plaintiffs' First Amended Complaint has not lapsed.  A filed copy of Plaintiffs' First Amended Complaint was received by Defendant City of Oakland. The First Amended Complaint was served on January 31, 2005.  This Petition for Removal is filed in accordance with the requirements of 28 U.S.C. §1446.

4. Pursuant to the provisions of 28 U.S.C. §1446, defendant attaches herewith and incorporates herein by reference, a copy of the following document (attached as Exhibit A) served upon it in this action:

 (a) First Amended Complaint for Compensatory and Punitive Damages, Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress, Violation of Federal Civil Rights, Conspiracy, Declaratory Relief, and Injunctive Relief.

5. Attached as Exhibit B is a copy of the Defendant City of Oakland's Answer to First Amended Complaint filed with the Superior Court on February 10, 2004.

6. As declared above, Defendant City of Oakland desires and is entitled to have this action removed from the Superior Court of the State of California for the County of Alameda, Unlimited Jurisdiction, to the United States District Court for the Northern District of California as such district is the district where the suit is pending and conditioned that defendant will pay all costs and disbursements incurred by reason of these removal proceedings should it be determined that this action was not removable or

was improperly removed.

7. Written notice of the filing of this Petition will be given to all parties to this action as required by law.

8. A true copy of this petition will be filed with Alameda County Superior Court as provided by law.

9. Defendant City of Oakland respectfully requests that this action be removed to this court and that this court accept jurisdiction of this action. The aforementioned defendant further requests that this action be placed on the docket of this court for further proceedings as if this action had been originally filed in this court.

DATED: February 10, 2005

Respectfully submitted,

JOHN A. RUSSO, City Attorney
RANDOLPH W. HALL, Chief Assistant City Attorney
WILLIAM E. SIMMONS, Supervising Trial Attorney
ARLENE M. ROSEN, Senior Deputy City Attorney

By: ______________________
Attorneys for Defendant
CITY OF OAKLAND

EXHIBIT A

Thomas E. Ho'okano, No. 52477
LAW OFFICE OF THOMAS E. HO'OKANO
44 Montgomery Street, Suite 1300
San Francisco, California 94104
Telephone: 415/362-6939
Facsimile: 415/362-6818

Attorneys for Plaintiffs
John Wheeler and Gloria A.Wheeler

ENDORSED
FILED
ALAMEDA COUNTY

JAN 31 2005

CLERK OF THE SUPERIOR COURT
By [signature] Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA, NORTHERN DIVISION

**JOHN L. WHEELER, GLORIA A. WHEELER,**
**Plaintiffs,**

v.

**CITY OF OAKLAND, RONALD ABAD, DAVID CARRILLO, RICHARD FIELDING, JAMES. FISHER, DAVID KOZICKI, ISAAC WILSON, ISAGANI PUGAO, ARLENE M. ROSEN, CALVIN M. WONG, BROOKFIELD HOMEOWNERS ASSOCIATION, WILEY WILLIAMS AND DOES 3 through 50, inclusive,**

**Defendants**

CASE No. RG04171730

**FIRST AMENDED COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, VIOLATION OF FEDERAL CIVIL RIGHTS, CONSPIRACY, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF.**

**Plaintiffs John L. Wheeler and Gloria A. Wheeler allege:**

**I.**

**INTRODUCTION**

This case concerns the attempted illegal enforcement of the City of Oakland, California, Municipal Blight Ordinance (Oakland Municipal Code, Chapter 8.24 )and

Vehicle Abatement Ordinance (Oakland Municipal Code, Chapter 10.64 ). The City had illegally seized vehicles, including two Jaguar automobiles and one DeSoto from plaintiffs' Hunter Avenue property pursuant to said ordinances in about 1998. That municipal action resulted in litigation against the City of Oakland, city employees, and city contractors in the United States District Court for the Northern District of California, in Wheeler et al v City of Oakland, et al (U.S.D.C. N.C Case No. C01-03044-MMC).

After the settlement of the claims brought forth in the federal litigation, in about the year 2000, the City of Oakland and named individual city defendants, together with Defendant Brookfield Home Owners Association by and through defendant Wiley Williams, have engaged in a continuous course of conduct to annoy, harass, and to deprive plaintiffs of their Fourth Amendment Protections by entering their residential property without a warrant to inspect their property for possible nuisance conditions. The City and its employees urged on by defendant Williams have cajoled, threatened and sought to intimidate plaintiffs from legally storing vehicles they own at their residence at 181 Hunter Avenue, Oakland, California and have wrongfully assessed civil penalties and fines. Defendants' conduct is a continuing course of conduct. By their First Amended Complaint, Plaintiffs seek relief from said illegal conduct.

II

PARTIES

1. Plaintiffs John L. Wheeler and Gloria A. Wheeler ("Plaintiffs" or "Wheelers") are, at all times herein mentioned, residents of the City of Oakland, County of Alameda. Their residence address is 181 Hunter Avenue, Oakland, CA. 94603.

2. Defendant City of Oakland ("City") is a Charter law City located in Alameda County, California.

3.Defendants Ronald Abad ("Abad"), Richard Fielding ("Fielding"), David Carrillo ("Carrillo"), and Isaac Wilson ("Wilson") were at all relevant times hereto, Specialty Combination Inspectors employed within the Community and Economic Development

Agency of defendant City. Their offices are located in the City of Oakland, County of Alameda.

3.5. Defendant Arlene M.Rosen is an employee of defendant City in the Office of the City Attorney. Plaintiffs allege on information and belief that she is assigned to provide advice and counsel to City department's involved in the implementation of the City ordinances pertaining to nuisance abatement. Plaintiffs are informed and believe and on that basis allege that Defendant Calvin M. Wong is employed within the City's Community and Economic Development Agency and is responsible for municipal building code enforcement and nuisance abatement.

4. Defendant Brookfield Homeowners Association ("Brookfield") is, and at all times relevant times hereto, was a business organization doing business in Alameda County. Plaintiff is informed and believes and on that basis alleges that Defendant Wiley Williams ("Williams") is an individual, resident of the City of Oakland, and is presently an officer or was at relevant times hereto, an officer in said Brookfield Homeowners' Association. Plaintiffs are informed and believe, and on that basis allege that Williams action described herein were taken on behalf of himself and Brookfield and that at all relevant times hereto Williams was authorized by Brookfield to take said actions on its behalf.

5. Defendant Police Officers Isagani Pugao ("Pugao") and James Fisher ("Fisher") were at all relevant times hereto, employed by the Defendant City Police Department within the Vehicle Abatement Unit..

6. Defendant Police Lieutenant David Kozicki ("Kozicki") is an individual employed by the City of Oakland. Plaintiffs are informed and believe and on that basis allege, that Kozicki is employed by the Oakland Police Department within the Traffic Division of said department. The Traffic Division is responsible for the supervision of the City's Vehicle Abatement Unit which enforces the City's municipal ordinances pertaining to the parking and storage of automobiles on the defendant City's streets and on privately

owned property. Plaintiffs allege on information and belief that among Kozicki's duties is the administration of the City Vehicle Abatement Unit..

7. The true names and capacities, whether individual, corporate, associate or otherwise, and the true involvement of defendants sued herein Does 3 through Doe 50,inclusive are unknown to plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to show their true names, capacities, and involvement when ascertained.

8. Plaintiffs are informed and believe and thereon allege that each of the defendants named herein as Does 3 through 50, inclusive, performed, participated in, abetted or ratified the acts alleged herein, and are liable to plaintiffs for the relief sought herein.

9. Plaintiffs are informed and believe and thereon allege, that, in performing the acts and omissions herein alleged, and at all times relevant thereto, each of the defendants was the agent and / or employee of the each of the other defendants, and was at all times acting within the course and scope of such agency and employment and with the knowledge and approval of each of the other defendants.

10. Plaintiffs allege that their claims brought under the Federal Civil Rights Act do not require submission of a claim or claims to the Defendant City as the California Tort Claims Act has no applicability to claims brought pursuant to 42 U.S.C. Section 1983. Plaintiffs further allege that the conduct complained of herein is a continuing course of conduct and that the injuries sustained herein are repeated as those terms are construed in case law interpreting the California Governmental Tort Claims Act.

11. In regard to their state law tort claims plaintiffs allege that they have complied with the claims requirement of the California Tort Claims Act, Government Code Section 810 et seq. Plaintiffs specifically allege that the Defendant City and individual City Defendants named herein are engaged in a continuous course of conduct and repeated injury as that term is used in the case of. Amador Valley Investors v City of Livermore, (1974) 43 Cal. App.3rd 484, 490 and other interpretive case law. John Wheeler alleges that he did contact Elida Paredes on or about January 18, 2003 to discuss his claims

against the city. Ms. Paredes stated that she would discuss plaintiffs claim with the Oakland City Attorney's Office on April 29, 2003. Plaintiffs allege that they filed their claim for the conduct described herein on or about January 9, 2004 and that said claim was rejected by the City on or about February 26, 2004.

11.5 Plaintiffs further allege that defendant City was placed on notice of its illegal conduct by correspondence from plaintiffs' former attorney, Jeffery Trowbridge, to Deputy City Attorney Arlene Rosen dated October 15, 2002. A true and correct copy of said correspondence is attached hereto and incorporated herein as Exhibit A. By placing the Defendant City and Defendant City employees on notice as to said conduct, and the City's failure subsequent thereto to remedy the wrongful conduct, the City and Defendant City employees, including Defendants Rosen and Calvin Wong cannot claim governmental immunity for the actions complained of herein.

## II

## GENERAL FACTUAL ALLEGATIONS

12. At all relevant times hereto plaintiffs were the owners and in possession of certain real property located in Alameda County, California, commonly known as 181 Hunter Avenue, Oakland, California. At all relevant times hereto plaintiffs used said property as their primary residence. They currently reside at 181 Hunter Avenue, Oakland, California.

13. At all relevant times herein mentioned, plaintiffs were and remain the owners entitled to possession of the following automobiles:

1957 Bentley, California License Plate number 2YKX449;

1975 Mercedes Benz, California License Plate number 3UV33; and a

1987 Chrysler, License Plate number 4AFT720.

The aforementioned Vehicles are variously described herein below as "Vehicles" or "Plaintiffs' Vehicles". The Bentley and the Mercedes Benz were covered when parked on plaintiff's property.

14. At all relevant time hereto and presently, all three Vehicles were mechanically operable, insured, had and have current registration, and were not abandoned.. All of the above -mentioned Vehicles were at all relevant times hereto and are presently, well maintained and in use..

15. At all relevant times herein mentioned the above-named Bentley, Mercedes Benz and Chrysler automobiles were parked at plaintiffs' Hunter Avenue Property in an approved location, including plaintiffs' driveway and or / cement parking pad.

16 . Plaintiffs allege that the City defendants have since July 2000 been involved in a continuous course of conduct which has caused them repeated injury. Such injuries include embarrassment, humiliation, fright, terror, mental and emotional distress, violation of their federally protected civil rights, and violation of their rights to privacy. Plaintiffs allege that this conduct was both negligent and intentional in that it involved a misapplication of Oakland Municipal Code Section 8.24.020, Section 10.64.170 and other municipal ordinances.

17. The City defendants had notice of the illegal nature of their conduct as early as September 15, 2000 and continued to engage in said unlawful conduct. On or about September 15, 2000 Principal Inspection Supervisor Gerald Donohue, who is employed by the Defendant City's Community and Economic Development Agency, Building Services Division, admitted that the defendant City had wrongfully cited plaintiffs for parking their Vehicles in an "unapproved location". The correspondence states that the city had misinterpreted Municipal Ordinance Section 8.24.020. (See Correspondence to Plaintiffs from Mr. Gerald Donhue, Principal Inspection Supervisor, dated September 15, 2000, Exhibit A hereto.) Defendant Calvin Wong, who is responsible for the actions of

Gerald Donohue, is bound by the admission contained in the September 15, 2000 correspondence.

18. On or about July 12, 2000, Defendant Isaac Wilson, entered plaintiffs residential property without plaintiff's permission, and without a warrant or cause for purposes of inspecting plaintiffs' Vehicles. Defendant did violate plaintiffs' right to privacy by conducting an unlawful search in violation of plaintiffs' Fourth Amendment rights. Defendant did wrongfully cite plaintiffs and issue a Notice of Violation dated July 21, 2000 which cited plaintiffs for parking their Vehicles at an "unapproved location". The notice was based upon a misapplication of Oakland Municipal Code Section 8.24.020 and other municipal ordinance. The notice threatened the imposition of fines, further inspections and citations with a $5,000.00 minimum. Said conduct is part of a continuing course of conduct by the City defendants wherein the City defendants have cited plaintiffs for parking their Vehicles in an "unapproved location" which have caused plaintiffs repeated injury.

19. On or about August 23, 2000 Defendant Richard Fielding entered plaintiffs' property without their permission, without notice, without probable cause, and without a warrant and cited them for "Parking Vehicle at an unapproved location." In so doing, Defendant Fielding violated plaintiffs' Fourth Amendment rights. Mr. Fielding issued a Notice of Violation to plaintiffs dated August 25, 2000 wherein he wrongfully demanded that plaintiffs' Vehicles be removed. Fielding's notice threatened to fine plaintiffs if they did not comply. Defendant Fielding, like Defendant Wilson, based his notice upon a misapplication of Oakland Municipal Codes. Said incident is part of a continuing course of conduct causing plaintiffs repeated injury.

20. On or about September 15, 2000, the City defendants conducted a hearing on the foregoing August 25, 2000 Notice to Abate A Blight. Following that hearing, Principal Inspection Supervisor Gerald Donohue, wrote the letter which is Exhibit B hereto wherein Donohue apologizes to plaintiffs for the misapplication of Municipal Ordinance Section

8.24.020. Mr. Donohue indicated in his letter to plaintiffs that the violation notice had been rescinded. Any liens recorded on the title to plaintiffs' Hunter Street property as a result of the wrongful notices should have been removed by the city. Plaintiff is informed and believes and on that basis alleges that liens representing inspection fees and administrative charges in regard to the misapplication of defendant's abatement ordinances remain on the title to their property notwithstanding the City's admission of error described herein above. ( See Exhibit A. hereto, a true and correct copy of Mr. Donohue's September 15, 2000 correspondence.)

21. On or about May 7, 2001 Defendant Police Officer James Fisher came to plaintiffs' residence and demanded that plaintiff John Wheeler remove the car covers from his cars so that Defendant Fisher could inspect the Vehicles for nuisance conditions.. Defendant said that if plaintiff did not remove the covers he would be arrested. Plaintiffs' automobiles were not in violation of any city ordinance and were parked in an approved location. Defendant Fisher did violate plaintiffs' Fourth Amendment rights and their rights to privacy by going on to plaintiffs' property without a warrant, without plaintiffs' consent, and without cause to do so and by conducting a search of their automobiles. Said conduct is part of a continuing course of conduct by the City defendants causing plaintiffs repeated injury.

22. On or about October 14, 2002 Defendant Police Officer Isagani Pugao did enter plaintiffs' property for purposes of inspecting plaintiffs' Vehicles. Officer Pugao entered without plaintiffs' permission, without a warrant and without cause and in so doing violated plaintiffs' right to privacy and their Fourth Amendment rights. Defendant Pugao stated that the Vehicles were parked in an unapproved location. He threatened plaintiffs by stating that he would continue to go onto their property and would continue to fine them.

23. On or about October 15, 2002, plaintiff's former attorney, Mr. Jeffery D. Trowbridge sent notice by fax and mail to Defendant Deputy City Attorney, Arlene M. Rosen which states in part:

"My client called me today and reported that yesterday, a person wearing an Oakland Police Officer's Uniform came to his property and threatened to abate his 1957 Bentley and his 1975 Mercedes convertible. According to my client, both vehicles are currently registered and operable and properly parked on plaintiff's property. Both vehicles were the subject of an earlier abatement attempt by the City of Oakland.

(A true and correct copy of this correspondence is attached hereto and incorporated herein as Exhibit B.)

Notwithstanding this notice, plaintiffs continued to be harassed by the City defendants by a misapplication of the municipal vehicle abatement and blight ordinances. Plaintiffs allege that as Defendant Rosen was placed on notice of said illegal conduct complained of herein and did not take action to remedy or prevent said illegal conduct that she is equally liable with the City and City defendants for the wrongful actions described herein and cannot validly claim governmental immunity in the performance of her responsibilities.

24. On or about December 12, 2002, City Auditor, Roland Smith, responded to plaintiffs' long standing citizen complaint that the city was involved in a course of conduct to harass them, violate their rights of privacy, and to wrongfully deprive them of their personal property by wrongfully citing them and fining them for a violation of the City's Vehicle Abatement and Blight Ordinances.. The City Auditor visited plaintiffs' Hunter Street Property and viewed the parking area where the plaintiffs' Mercedes Benz, Bentley and Chrysler vehicles are parked. Mr. Smith observed that the Mercedes Benz and Bentley vehicles were operable, were registered, were insured and were being utilized. In his opinion, the City had wrongfully applied City Ordinance 10.64.170, which prohibits abandoned vehicles from being stored on residential property. Mr. Smith put his views and

conclusion into correspondence dated December 12, 2002 and addressed to Defendant Lieutenant David Kozicki, Traffic Division, of the Oakland Police Department. ( A true and correct copy of Mr. Smith's December 12, 2002 correspondence is attached hereto as Exhibit C.)

25. Notwithstanding the Donohue confession of error in September 2000, the Roland Smith notice to Lieutenant Kozicki dated December 12, 2002, and the notice provided to the Deputy City Attorney by plaintiffs' former attorney, dated October 15, 2002, the City Defendants continued to harass plaintiffs by wrongfully conducting more inspections on their property without warrants and issuing more Notices of Violation in regard to the parking of their Vehicles on their property and in regard to the condition of the Vehicles. On or about August 6, 2003, Defendant David Carrillo did enter plaintiffs' property without a warrant, without plaintiffs' permission and without probable cause and inspected plaintiffs' Vehicles. In so doing, Carrillo did violate plaintiffs' Fourth Amendment Rights. Carrillo subsequently issued a Notice of Violation dated September 3, 2003 wherein he cited plaintiffs for "Vehicles Stored in Driveway And Parked On Front Yard." The notice threatened administrative fees for subsequent inspections at a minimum of $718.00 and the possible assessment of administrative citations at five thousand dollars minimum. The incident is part of a continuing course of conduct by the City Defendants which has caused them repeated injury. Plaintiffs allege that they were not in violation of any municipal or state laws in regard to the parking of their Vehicles on their property when inspected by Defendant Carrillo.

26 On or about November 7, 2003, Defendant David Carrillo did issue another Notice of Violation to plaintiffs citing them for "Vehicles Stored In Driveway and Parked On Front Yard". The notice stated that there had been prior entries onto plaintiffs' property on September 18, 2003, August 6, 2003 and October 27, 2003. Plaintiffs allege that each of these entries was part of a continuing course of conduct by the City defendants

causing them repeated injury. Plaintiffs allege that they were not in violation of any municipal or state law in regard to the parking of their Vehicles on their property when inspected by Defendant Carrillo. By entering plaintiffs' property without a warrant and without probable cause, plaintiffs allege that defendant Carrillo did harass and annoy them, did interfere with plaintiffs' quiet and peaceful enjoyment of their property and did violate their Fourth Amendment rights and rights to privacy.

27. Plaintiffs were frustrated, bewildered, and frightened by the City's continuing harassment and threats. The Wheelers had been subject to previous wrongful actions by the city when vehicles they owned were wrongfully seized by the City and later resold. (See Wheeler v City of Oakland et al (United States District Court, Northern District of California Case No. C-01-03044 MMC.) Plaintiffs made a citizen complaint with the Office of the City Auditor. In response to their complaint regarding the continuing citations, the City Auditor wrote plaintiffs a letter dated January 6, 2004. In his correspondence the City Auditor states that it is his opinion that City Ordinance Section 8.24.020 does not apply to vehicles such as those parked on plaintiffs' property as long as the vehicles are operable and have current registration. Plaintiffs are informed and believe and on that basis allege that this conclusion was confirmed with Defendant Rosen. ( A true and correct copy of Mr. Smith's correspondence is attached hereto as Exhibit D.)

28 .Notwithstanding Mr. Smith's opinion, the defendants continue to harass plaintiffs by citing them for unauthorized parking of their Vehicles on their property. On or about November 18, 2004, Defendant Ronald Abad issued a Notice of Violation to Plaintiffs for "Lawn Parking". Defendant Abad did enter plaintiffs' property on October 29, 2004 without a warrant and did inspect plaintiffs Vehicles, without plaintiffs' permission. In so doing defendant Abad violated plaintiffs right of privacy, their Fourth Amendment rights to be free from unreasonable search and did cause them injury. Plaintiffs allege that defendant Abad's conduct is part of a continuing course of conduct by the City defendants causing them repeated injury. Plaintiffs Vehicles were registered, mechanically operable, and insured and were well maintained. They were neither

abandoned, wrecked, inoperable or a nuisance as defined by the City Ordinances. Plaintiffs allege that the Notice of Violation is erroneous and is without supporting authority in the municipal code.

29. On or about November 6, 2004 Defendant Police Officer James Fisher did cause a Notice Of Intention To Abate And Remove An Inoperable Vehicle to be sent to plaintiffs. The notice was in regard to plaintiffs' 1987Chrysler automobile. The notice stated the city's intention to remove the vehicle and to have it scrapped if plaintiffs did not correct an unspecified condition. The notice was wrongfully issued as the Vehicle was registered, not wrecked, not abandoned, not dismantled, and was mechanically operable. Plaintiffs allege that the notice was pursuant to the City defendants' intentional and negligent implementation of Section 10.64,170 and Section 10.64.090 and other municipal ordinances pertaining to blight and vehicle abatement and is part of a continuing course of conduct on the part of defendants that has caused plaintiffs repeated injury.

30. Defendant Wiley Williams did enter plaintiffs' property on several occasions during the period 2000 and 2004, at times accompanied by city employees and individual City defendants named herein, for purposes of harassing and annoying plaintiffs in regards to their Vehicles. Plaintiffs are informed and believe and on that basis allege that Defendant Williams was acting on his own behalf and on behalf of the Brookfield Homeowners Association when he urged the City Defendants to inspect plaintiffs' Vehicles and property and to wrongfully cite plaintiffs for violating municipal ordinances pertaining to blight and vehicle abatement. Plaintiffs allege that Williams, on behalf of himself and on behalf of the defendant Brookfield Homeowner's Association, did conspire with the City Defendants to harass plaintiffs and to deprive plaintiffs of their federally protected Fourth Amendment Rights.

31. Plaintiffs allege that defendants will continue to annoy, harass, violate their rights to privacy, their federally protected civil rights, the peaceful and quiet enjoyment of

their property and will act in conscious disregard of plaintiffs' rights and well - being unless enjoined by this Court.

III

**FIRST CAUSE OF ACTION**

**VIOLATION OF FEDERAL CIVIL RIGHTS**

**42 U.S.C. Section 1983**

**(As to City Defendants and Does III -X.)**

32. Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 31 as though fully set forth at this place.

33. The Federal Civil Rights Act provides that where a governmental entity causes "deprivation of any rights, privileges, or immunities secured by the Constitution and laws", it is liable to the injured party "in an action at law, suit in equity, or other proper proceeding for redress". The Civil Rights Act provides the remedy to correct the government's deprivation of constitutional and / or statutory rights. Plaintiffs affirmatively allege that they are not required to file claims under the California Tort Claims Act in order to bring an action under the Federal Civil Rights Act. (See e.g. Williams v Horvath (1976) 16 Cal. 3rd 834.)

34. The Fourth Amendment to the United States Constitution forbids a warrantless entry onto residential property to inspect for a suspected and / or known nuisance. The Fourth Amendment's right against unlawful search is particularly directed at protecting one's residence from governmental intrusion. The City Defendants and Does three through Ten did violate plaintiffs' Fourth Amendment rights when the City Defendants, on the dates described herein above, including, but not limited to August 6, 2003, September 18, 2003, October 27, 2003, October 29, 2004 and December 2004, did enter plaintiffs' residential property at 181 Hunter Avenue, Oakland, California and did inspect plaintiffs' property without a warrant, and without plaintiff's invitation or consent.

35. Plaintiffs allege on information and belief that Defendant Lieutenant David Kozicki is assigned to the Traffic Division of the Oakland Police Department. Plaintiffs

further allege that during all relevant times alleged herein, Lieutenant Kozicki was responsible to supervise and direct police officers and police technicians assigned to the Vehicle Abatement Unit. Plaintiffs allege that Defendant Kozicki was on notice as to said illegal conduct of the defendant employees assigned to the Vehicle Abatement Unit by virtue of the correspondence from plaintiff's attorney Jeffery Trowbridge to Deputy City Attorney Arlene Rosen, (Exhibit B hereto) and correspondence from the City Auditor to Defendant Kozicki (Exhibit C hereto.) Given these notices and the supervisory and administrative responsibilities to the police officers assigned to the Vehicle Abatement Unit, plaintiffs allege that Defendant Kozicki, along with Defendants Rosen and Wong, is equally liable for defendants police officers' violation of plaintiff's civil rights and is not entitled to governmental immunity.

WHEREFORE, plaintiffs pray for judgment as follows.

**IV**

**SECOND CAUSE OF ACTION**

**TRESPASS**

**(As To Defendants Brookfield and Williams and Does X -XX)**

36. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 -35 as though fully set forth at this place.

37. Defendant Wiley Williams, acting on behalf of Defendant Brookfield and himself, and Does ten through twenty, did intentionally enter plaintiffs' property without their permission, consent or invitation, on several occasions during the time period 2000 to 2004 for purposes of harassing and annoying plaintiffs. Defendants Williams and Brookfield did thereby commit trespass. Defendants Brookfield and Williams did also commit trespass during the period 2000 to 2004 by going onto plaintiffs' residential property without their consent for purposes of causing the City Defendants to inspect Plaintiffs' property and Vehicles and for purposes of having the defendant city seize said

Vehicles. Said conduct by Defendants Williams, Brookfield, and Does ten through twenty was intended to cause plaintiffs loss or injury and was in conscious disregard of plaintiffs' rights and well being. Said conduct constitutes unlawful trespass and interference with, and invasion of, plaintiffs' right to the quiet and peaceful enjoyment of their residence located at 181 Hunter Avenue, Oakland, California and is outrageous conduct beyond the bounds of decency calculated to causes plaintiffs severe emotional distress. Plaintiffs did suffer severe emotional distress as a result of said conduct and were extremely fearful that their personal property would be wrongfully seized, as it had been before by the defendant city,.and that they might lose their home for the unlawful and unconscionable fines which might be imposed by the city defendants at defendants Williams and Brookfields' urging.

38. Plaintiffs seek compensatory and punitive damages against these defendants for the actions complained of herein.. As a proximate result of the trespasses committed by the defendants, and their urging the City defendants to continue with the course of conduct described herein above, plaintiffs have suffered injuries, including fright, terror, mental and extreme emotional distress.

**WHEREFORE, plaintiffs pray for judgment as follows.**

**V**

**THIRD CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(As To All Defendants )**

39. Paragraphs one through thirty eight are incorporated herein by this reference as though fully set forth herein.

40. The conduct of defendants complained of herein was extreme, outrageous, callous, reckless and intentionally calculated to cause plaintiffs fright, terror, embarrassment, humiliation, loss of property and loss of reputation, and fear for loss of income. Said conduct was in conscious disregard for plaintiffs' rights and well being and

was engaged in knowing that plaintiffs would be harmed thereby. Defendants' unlawful and unwarranted threats of fines, penalties and loss of property as contained in defendants notices and statements to plaintiffs were outrageous. Defendant Carrillo's threat, in particular, that he would continue going to plaintiffs' residence and fining them until they no longer owned their Vehicles or home were an outrageous and despicable abuse of government authority.

41. Defendant Wiley Williams, on his own behalf and on behalf of Brookfield, did continuously go on to plaintiffs' property to annoy and harass them on several occasions during the period 2000 to 2004. At times he accompanied defendant inspectors or police officers who went to plaintiffs residence to conduct a warrantless search. Plaintiff alleges that Williams is in part responsible for the actions of the City defendants in that plaintiffs are informed and believe, and on that basis allege, that Williams filed a complaint with the City on behalf of Defendant Brookfield against plaintiffs urging the City to take plaintiffs Vehicles. Plaintiffs are informed and believe and on that basis allege that Williams instigated the City defendants' wrongful conduct complained of herein and urged them to continue said unlawful conduct.

42. The City Defendants conduct as described hereinbefore is particularly outrageous given that notice was given to defendants to cease the unlawful harassment of plaintiffs in the correspondence dated October 15, 2002 from plaintiffs former attorney Jeffery D. Trowbridge to Arlene M. Rosen, Deputy City Attorney. The conduct can only be described as intentional in the face of the acknowledgment of error and the correct interpretation of Code Section 8.24.020 set out in correspondence to plaintiffs from Gerald Donohue, dated September 15, 2000, and the correspondence from the City Auditor dated December 12, 2002 to Lieutenant David Kozicki which notifies the Traffic Division of the correct interpretation of Section 10.64 .Notwithstanding the aforementioned notices and writings setting forth the correct interpretation of the ordinances, the City defendants, at the urging of Brookfield and Williams, continued their course of conduct causing plaintiffs harm.

43. Plaintiffs did suffer fright, terror, embarrassment, humiliation, fear for loss of their residential and personal property, mental and emotional distress as a result of defendants' conduct complained of herein.

WHEREFORE, plaintiffs pray for judgment as follows.

VI

**FOURTH CAUSE OF ACTION**

**CONSPIRACY TO DEPRIVE PLAINTIFFS' CIVIL RIGHTS**

**(42 U.S.C. Section 1983)**

**(As To Williams, Brookfield. Does XX to XXV and All City Defendants Except Rosen and Wong. )**

44. Plaintiffs re-allege paragraphs one through forty three at this place by reference as though fully set forth herein.

45. Plaintiffs are informed and believe and on that basis allege that Defendant Wiley Williams on behalf of himself and Defendant Brookfield Homeowners Association and City Defendant inspectors and police services technicians and police officers did illegally conspire to deprive plaintiffs of their federally protected Fourth Amendment Right to be free from unreasonable search and did illegally conspire to deprive plaintiffs of their personal property by the misapplication of municipal ordinances which regulate blighted properties and wrecked, abandoned, inoperable, or dismantled automobiles.

46. Plaintiffs further allege that Defendant Williams on behalf of Brookfield Homeowners Association and City Defendants did illegally conspire to harass and annoy plaintiffs thereby depriving them of the peaceful and quiet enjoyment of their property.

47. Plaintiffs have by defendants illegal actions and conspiracy been deprived of their federally protected Fourth Amendment rights on the dates indicated hereinbefore and have been deprived of the quiet and peaceful enjoyment of their property.

**WHEREFORE, plaintiffs pray for judgment as follows.**

**VII**

**FIFTH CAUSE OF ACTION**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**(As To All Defendants)**

48. The allegations in paragraphs one through 47 are incorporated here as though fully set forth at this place

49. The conduct described herein above by defendants Williams on behalf of himself and Brookfield, and the conduct of the City Defendants as described hereinbefore, in violating plaintiffs' federally protected civil rights, in repeatedly harassing and annoying them, in repeatedly depriving them of the peaceful and quiet enjoyment of their property, in repeatedly fining them, in repeatedly threatening them with fines and loss of their personal and real property,.was outrageous and beyond the bounds of decency. Said conduct did negligently cause plaintiffs to suffer fear, fright, fear for loss of personal and real property, humiliation, and extreme mental and emotional distress..

WHEREFORE, plaintiffs pray for judgment as follows.

**VII**

**SIXTH CAUSE OF ACTION**

**INJUNCTIVE RELIEF**

50. Paragraphs one through forty nine above are incorporated herein as though fully set forth at this place.

51. The City Defendants and Defendant Williams on behalf of himself and Defendant Brookfield have been engaged in a course of conduct commencing in 2000 and continuing until the filing of this litigation which has denied plaintiffs the quiet and peaceful enjoyment of their property, denied them their rights to privacy, caused them

annoyance, extreme mental and emotional distress, fear, fright, loss of sleep and fear for financial loss and loss of personal property. The City defendants have negligently and intentionally misinterpreted their Vehicle Abatement and Blight Ordinances in regard to plaintiffs' Vehicles and residential property. They have repeatedly issued notices to abate conditions on their property such as the parking of their Vehicles which are without legal authority in the municipal code. The plaintiffs have been deprived of their Fourth Amendment rights and have been damaged as a result of said conduct.

52.Plaintiffs allege that unless restrained by this Court, the conduct complained of herein will continue. Plaintiffs are without any other effective remedy at law to prevent said conduct.

53. Defendant City and its employees should be permanently enjoined from going onto plaintiffs' property without a warrant where the City seeks to abate a nuisance. Furthermore, the defendants should be restrained and enjoined from citing plaintiffs for parking the automobiles described herein on their driveway or adjacent concrete parking pad. Plaintiffs seek permanent injunctive relief prohibiting the City defendants from citing plaintiffs for covering their Vehicles while parked on their property or in any way preventing plaintiffs from parking their Vehicles on their Hunter Avenue property provided that the Vehicles are mechanically operable, well maintained, and in plaintiff's use.

WHEREFORE, plaintiffs pray for judgment as follows.

**VII**

**SEVENTH CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(As to Defendant City )**

54. Plaintiffs incorporate the allegations of paragraphs one through 53 as though fully set forth at this place.

55. An actual controversy has arisen and now exists between plaintiffs and Defendant City regarding their respective rights ands obligations in that plaintiffs assert

that the storage of plaintiffs' Vehicles on his driveway and adjacent cement parking area do not violate City Ordinance 10.64. as long as the Vehicles are operable, have current registration and are being used. Plaintiffs are informed and on that basis allege, that defendant City's contentions are to the contrary.

56. An actual controversy has arisen and now exists between plaintiffs and defendant City regarding their respective rights and obligation in that plaintiffs assert that the parking of their Vehicles on their driveway and adjacent cement parking pad does not violate City Ordinance 8.24.020. Plaintiffs are informed and on that basis allege that the defendant City's contentions are to the contrary.

57. Plaintiffs contend at all relevant times hereto that the defendant City and its agents had no authority to cite plaintiffs for parking their Vehicles on their Hunter Avenue Property. Plaintiffs are informed and on that basis allege that defendant City's contentions are to the contrary.

58. To the extent that any rights asserted herein require the exhaustion of administrative remedies, plaintiffs allege that they have exhausted all such remedies available to them, and to the extent that they may exist, it would be futile to attempt to exhaust them.

59. A declaration of rights and obligations of the parties is appropriate in that an early determination of this controversy will avoid a multiplicity of litigation and would be in the interest of justice given that the city has from the year 2000 to the present misapplied said municipal code to plaintiffs' Vehicles and property and threatens to continue with said misapplication as to plaintiffs' Vehicles and property..

WHEREFORE, plaintiff prays for judgment as follows.

**PRAYER**

Plaintiffs pray for judgment against each of the defendants as follows:

1. As to plaintiffs' First Cause of Action, compensatory damages and exemplary damages in a sum within the jurisdictional limits of this Court as permitted by operation of law and according to proof at the time of trial.

2. As to plaintiffs' Second Cause of Action, compensatory and exemplary damages as permitted by law and according to proof at time of trial..

3. As to plaintiffs' Third Cause of Action compensatory and exemplary damages as as permitted by law and according to proof at time of trial.

4. As to plaintiffs' Fourth Cause of Action compensatory and exemplary damages as permitted by law and according to proof at time of trial.

5. As to plaintiffs' Fifth Cause of Action compensatory and exemplary damages as permitted by law and according to proof at time of trial.

6. As to plaintiffs' Sixth Cause of Action , the issuance by this Court of a permanent injunction prohibiting defendant City and City employees from entering plaintiffs' residential property for the purpose of conducting a search of plaintiffs' Vehicles stored on said property without first obtaining a warrant based upon probable cause from this Court. As to defendants Brookfield and Williams , permanent injunctive relief barring said defendants from entering onto plaintiffs' Hunter Avenue property and harassing, annoying, or threatening them in any way. As to Defendant City employees named herein, permanent injunctive relief barring them from annoying, harassing, or otherwise interfering with plaintiffs' peaceful and quiet enjoyment of their home..

7. As to plaintiffs' Seventh Cause of Action, a declaration that:

A. Neither the City's Blight Ordinance nor its Vehicle Abatement Ordinance or any other municipal ordinance prohibits the storage of Vehicles which are operable, currently registered and insured and well maintained and in use from being stored at plaintiff's driveway, cement parking pad or lawn area at 181 Hunter Avenue, Oakland, California.

B. Neither City's Blight Ordinance nor its Vehicle Abatement Ordinance validly regulate vehicles which are not currently registered.

9. For costs of suit herein and attorneys' fees pursuant to 42 U.S.C. Section 1988 and as allowed by law.

10 For such other and further relief as the court may deem just and proper.

Dated: January 28, 2005

Respectfully submitted,

LAW OFFICES OF THOMAS E. HO'OKANO

By ____________________
Thomas E. Ho'okano
Attorneys For John Wheeler and Gloria Wheeler

First Amended Complaint Wheeler v City of Oakland Case No. RG04171730 - 22 -

VERIFICATION

I, JOHN L. WHEELER, declare and say that I am one of the plaintiffs in the matter of John L Wheeler and Gloria A. Wheeler, Alameda County Superior Court Case No. RG04171730. I have read the foregoing FIRST AMENDED COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, VIOLATION OF FEDERAL CIVIL RIGHTS, CONSPIRACY, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF, and know the contents thereof. I declare under the penalty of perjury under the laws of the state of California that the factual allegations made in said Complaint are true and correct and of my own knowledge, except where I have alleged facts on information and belief, and as to those facts I believe them to be true and correct.

Date: January 30 2005 at Oakland, California

JOHN L. WHEELER

VERIFICATION

I, GLORIA A. WHEELER, declare and say that I am one of the plaintiffs in the matter of John L Wheeler and Gloria A. Wheeler, Alameda County Superior Court Case No. RG04171730. I have read the foregoing FIRST AMENDED COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, VIOLATION OF FEDERAL CIVIL RIGHTS, CONSPIRACY, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF, and know the contents thereof. I declare under the penalty of perjury under the laws of the state of California that the factual allegations made in said Complaint are true and correct and of my own knowledge, except where I have alleged facts on information and belief, and as to those facts I believe them to be true and correct.

Date: January 30, 2005 at Oakland, California

Gloria A. Wheeler

GLORIA A. WHEELER

CITY OF OAKLAND

250 FRANK H. OGAWA PLAZA, SUITE 2340 • OAKLAND, CALIFORNIA 94612-2031

Community and Economic Development Agency
Building Services Division

(510) 238-3102
FAX (510) 238-2959
TDD (510) 238-6312

September 15, 2000

John L. Sr. & Gloria Wheeler
181 Hunter Avenue
Oakland. Ca 94603

RE; 181 Hunter Avenue

Mr. & Mrs. Wheeler

The above mention property was sited for parking vehicles in an unapproved location. Upon review of the Oakland Municipal Code section 8.24.020, the City interpretation of this section was in error therefor the violation notice has been rescinded.

Please except your apology and feel free to contact me if you have any concerns regarding this matter.

Gerald Donahue

Principal Inspection Supervisor

EXHIBIT A

TELEPHONE (510) 890-0000
FACSIMILE (510) 802-7228

October 15, 2002

Arlene M. Rosen, Esq.
Oakland City Attorney's Office
One Frank H. Ogawa Plaza, 6th Floor
Oakland, CA 94612

By Mail and Fax:
(510) 238-6500

James Armstrong, Esq.
Law Offices of Larry N. Kloenhamer
121 Spear Street, Suite 410
San Francisco, CA 94105

By Mail and Fax:
(415) 836-3104

Re: Wheeler vs. City of Oakland, A & B Auto Company, et al.
U.S. District Court No. C 01-03044 MMC

Dear Ms. Rosen and Mr. Armstrong:

My client called me today and reported that, yesterday, a person wearing an Oakland Police Officer's uniform came to his property and threatened to abate his 1957 Bentley and his 1975 Mercedes convertible. According to my client, both vehicles are currently registered and operable and properly parked on his property

Furthermore, according to my client, both vehicles were the subject of an earlier abatement attempt by the City of Oakland (which took place after my client initiated his action against the City), wherein the hearing officer determined that my client's vehicles were not subject to abatement. Since such determination, persons wearing Oakland Police Officer uniforms have been back to my client's property at least twice (including yesterday). According to my client, the first time such person(s) came to my client's property, a threat was made that the Oakland Police Department would keep coming back until it took all of my client's vehicles and his house.

EXHIBIT B

Attention: ELIDA G. PAREDES

(B)

Arlene M. Rosen, Esq.
James L. Armstrong, Esq.
Page 2
October 15, 2002

Furthermore, according to my client, there are now, and there were at the time of the seizures of his 1959 Jaguar, his 1960 Jaguar and his 1956 DeSoto, several unregistered vehicles parked at the City owned property next door to Mr. Wheeler's home and a partially dismantled blue Mustang without current registration in the front yard of the property across the street from Mr. Wheeler's home.

PLEASE TAKE NOTICE THAT DEMAND IS HEREBY MADE THAT THE CITY OF OAKLAND CEASE ITS HARASSMENT OF MR. WHEELER. PLEASE BE ASSURED THAT SHOULD ANY FURTHER SEIZURES OF ANY VEHICLE(S) OWNED BY MR. WHEELER TAKE PLACE THAT FURTHER ACTION WILL BE PROSECUTED ON BEHALF OF MR. WHEELER AGAINST THE CITY OF OAKLAND, AGAINST ANY INDIVIDUAL CITY OF OAKLAND EMPLOYEES PARTICIPATING IN SUCH SEIZURES AND AGAINST A & B AUTO COMPANY AND ANY OF ITS SUBCONTRACTORS AND/OR ANY OTHER TOW COMPANY PARTICIPATING IN ANY SUCH SEIZURES.

May I please have your immediate assurance that action has been taken to terminate any pending abatement proceedings against any of Mr. Wheeler's vehicles?

Thank you.

Very truly yours,

LAW OFFICES
JEFFERY D. TROWBRIDGE

JEFFERY D. TROWBRIDGE

cc:     John Wheeler

Attention: ELIDA G. PAREDES                                    EXHIBIT B



# CITY OF OAKLAND

1 FRANK H. OGAWA PLAZA • OAKLAND, CALIFORNIA 94612

Office of the City Auditor
Roland E. Smith, CPA
City Auditor

(510) 238-3378
FAX (510) 238-7640
TDD (510) 839-6451
www.oaklandauditor.com

December 12, 2002

Lt. David Kozicki
Oakland Police Department
455 – 7th Street, 5th Floor
Oakland, CA 94612

RE: Automobiles owned by John L. Wheeler and maintained on his property located at 181 Hunter Avenue, Oakland

Dear Lt. Kozicki:

This letter is a follow-up to our telephone conversation on Monday, December 9, 2002 at 5:00 p.m. At that time, you asked whether I knew for a fact that John Wheeler's automobiles, a Mercedes 450SL and a Bentley were operable, licensed and currently being utilized.

At issue is City Ordinance 10.64.170, which applies to "misdemeanor to abandon or keep typed regulated by this Chapter." This ordinance applies to inoperable motor vehicles and you concurred with this interpretation.

I submit that, since John Wheeler's vehicles are operable, the code section does not apply and his vehicles should not be in jeopardy for fines, removal or other type of City application under the ordinance.

This morning at 11:15 a.m., I met with Mr. Wheeler at his residence and determined that the Mercedes 450SL and the Bentley were operable by being a passenger on a demonstration drive of each. I observed the registration of the two vehicles and found that the Mercedes 450SL, license 3UVS339, has current registration through to January 3, 2003, while the Bentley, license 2YKX449, has current registration until August 2003.

Both automobiles are currently insured through 21st Century Insurance Company and this can be confirmed by calling 800-443-3100.

The involvement by this Office is a follow-up to a long-standing citizen compliant under our Good Government program.

EXHIBIT C

EXHIBIT C

It would seem inappropriate to apply either Title 8 or Title 10 of the City Ordinance to the ownership and possession of these automobiles in the current manner by Mr. Wheeler. Any fines to Mr. Wheeler would not seem applicable.

Sincerely yours,

Roland E. Smith, CPA
City Auditor

cc:    John Wheeler

EXHIBIT C

CITY OF OAKLAND

1 FRANK H. OGAWA PLAZA • OAKLAND, CALIFORNIA 94612

Office of the City Auditor
Roland E. Smith, CPA
City Auditor

(510) 238-3378
FAX (510) 238-7640
TDD (510) 839-6451
www.oaklandauditor.com

January 6, 2004

John L. Wheeler
181 Hunter Avenue
Oakland, CA 94603

RE: Blighted Property Defined under Code Section 8.24.020

Dear Mr. Wheeler:

The Blight Ordinance as defining blighted property under Section 8.24.020 of the Municipal Code does not apply to vehicles such as those parked on your property in front of your house and garage so long as those vehicles are operable and have current registration. This has been confirmed with the Deputy City Attorney assigned to the Blight Ordinance.

If anybody from Code Enforcement at the Community and Economic Development Agency comes to your home and attempts to cite those vehicles, please call me at (510) 238-3378 and I will place a call to Calvin Wong in order to have the City avoid a misapplication of the Code Section. In your phone call, be sure you give me the name of the City person that is issuing a citation.

Sincerely yours,

Roland E. Smith, CPA, CFS
City Auditor

EXHIBIT D

**PROOF OF SERVICE**

**WHEELER et al v CITY OF OAKLAND, et al**
**(Case No. RGO4171730)**

I, the undersigned, declare and say as follows:

I am an attorney at law duly admitted to the practice of law in the State of California. I am over the age of 18 years old and not a party to the above-referenced matter. I am employed in the City and County of San Francisco. My office address is 44 Montgomery Street, Suite 1300, San Francisco, CA 94104. On the date indicated below I served the following documents:

SUBSTITUTION OF ATTORNEY - CIVIL

**FIRST AMENDED COMPLAINT FOR DAMAGES,NELIGENT INFLICTION OF EMOTIONAL DISTRESS, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, VIOLATION OF FEDERAL CIVIL RIGHTS, CONSPIRACY,, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF**

**_x___By MAIL, being familiar with the practice of this office for the collection and the processing of correspondence for mailing with the United States Postal Service, and deposited in the United States Mail copies of same to the addresses set forth below, in a sealed envelope fully prepaid.**

**BROOKFIELD HOMEOWNERS' ASSOCIATION**
**WILEY WILLIAMS**
**C/O 9255 EDES AVENUE #1**
**OAKLAND, CA 94603**

**___By FACSIMILE, by personally transmitting same via an electronic facsimile machine between the hours of 9:00 a.m. and 5:00 p.m.**

**__x__By PERSONAL DELIVERY, and personally delivered, or caused to be delivered, same to the addresses listed below.**

Ms ARLENE ROSEN
DEPUTY CITY ATTORNEY
CITY ATTORNEY'S OFFICE
ONE FRANK H. OGAWA PLAZA, SIXTH FLOOR
OAKLAND, CA 94612

____By U.S. EXPRESS MAIL, for delivery the following business day by planting same for collection in a U.S. Express Mail Deposit Box to the addresses set forth below.

____FEDERAL EXPRESS, for delivery the following business day by placing same for collection in a Federal Express Deposit Box to the addresses set forth below.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on the above date at San Francisco, California.

Date :JANUARY 31,2005

THOMAS E. HO'OKANO

EXHIBIT B

JOHN A. RUSSO, City Attorney - State Bar #129729
RANDOLPH W. HALL, Chief Assistant City Attorney - State Bar #080142
WILLIAM E. SIMMONS, Supervising Trial Attorney - State Bar #121266
ARLENE M. ROSEN, Senior Deputy City Attorney - State Bar #100160
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 637-0360 Fax: (510) 238-6500
23854/337427

Attorneys for Defendant
City of Oakland

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ALAMEDA**

**(UNLIMITED JURISDICTION)**

JOHN L. WHEELER, GLORIA A. WHEELER,

Plaintiffs,

v.

CITY OF OAKLAND, RONALD ABAD, DAVID CARRILLO, RICHARD FIELDING, JAMES FISHER, DAVID KOZICKI, ISAAC WILSON, ISAGANI PUGAO, ARLENE M. ROSEN, CALVIN M. WONG, BROOKFIELD HOMEOWNERS ASSOCIATION, WILEY WILLIAMS AND DOES 3 through 50, inclusive,

Defendants,

Case No. RG04171730

**DEFENDANT CITY OF OAKLAND'S ANSWER TO FIRST AMENDED COMPLAINT**

Defendant CITY OF OAKLAND (hereinafter "Defendant" or "City") hereby answers, objects, and otherwise responds to the First Amended Complaint on file herein as follows:

**INTRODUCTION**

Defendant denies the allegations set forth in the Introduction to the First Amended Complaint (p.1, ll. 27-28 through p. 2. ll. 1-17, inclusive).

**PARTIES**

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and on that basis, denies each and every allegation set forth therein.

2. Admitted.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and on that basis, denies each and every allegation set forth therein.

3.5 Defendant admits Arlene M. Rosen is an employee in the Office of the City Attorney. Defendant denies each and every remaining allegation set forth in Paragraph 3.5.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and on that basis, denies each and every allegation set forth therein.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and on that basis, denies each and every allegation set forth therein.

6. Defendant admits that Lt. David Kozicki is an individual employed by the Oakland Police Department. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 6 and on that basis, denies each and every remaining allegation set forth therein.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and on that basis, denies each and every allegation set forth therein.

///

///

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and on that basis, denies each and every allegation set forth therein.

9. Defendant denies the allegations set forth in Paragraph 9.

10. Defendant admits that claims brought under the Federal Civil Rights Act do not require submission of a claim to Defendant City under the California Tort Claims Act. Defendant denies each and every remaining allegation set forth in Paragraph 10.

11. Defendant denies that it was "engaged in a continuous course of conduct and repeated injury" to plaintiffs, or any of them. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and on that basis, denies each and every remaining allegation contained therein.

11.5 Defendant denies the allegations set forth in Paragraph 11.5

## GENERAL FACTUAL ALLEGATIONS

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and on that basis, denies each and every allegation contained therein.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis, denies each and every allegation contained therein.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and on that basis, denies each and every allegation contained therein.

15. Defendant denies the allegations set forth in Paragraph 15.

16. Defendant denies the allegations set forth in Paragraph 16.

17. Defendant denies the allegations set forth in Paragraph 17.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and on that basis, denies each and every allegation contained therein.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and on that basis, denies each and every allegation contained therein.

20. Defendant admits a hearing was conducted with respect to Notice of Violation dated on or about August 25, 2000. Defendant denies each and every remaining allegation set forth in Paragraph 20.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that "on or about May 7, 2001, ...Officer James Fisher ...demanded plaintiff John Wheeler remove the car covers from his cars ..." or that if he failed to do so "...he would be arrested." Defendant denies each and every remaining allegation set forth in Paragraph 21.

22. Defendant denies the allegations set forth in Paragraph 22.

23. Defendant admits that Exhibit B to plaintiffs' complaint purports to be a true and correct copy of a letter from attorney Jeffery Trowbridge to Arlene M. Rosen and James L. Armstrong dated October 15, 2002. Defendant denies each and every remaining allegation set forth in Paragraph 23.

24. Defendant admits that Exhibit C to plaintiffs' complaint purports to be a true and correct copy of a letter dated December 12, 2002 from Roland Smith to Lt. David Kozicki and that said letter purports to express Mr. Smith's opinion as set forth therein. Defendant denies each and every remaining allegation set forth in Paragraph 24.

25. Defendant denies the allegations set forth in Paragraph 25.

26. Defendant denies the allegations set forth in Paragraph 26.

27. Defendant denies the allegations set forth in Paragraph 27.

28. Defendant denies the allegations set forth in Paragraph 28.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and on that basis, denies each and every allegation set forth therein.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and on that basis, denies each and every allegation set forth therein.

31. Defendant denies the allegations set forth in Paragraph 31.

**FIRST CAUSE OF ACTION**

**VIOLATION OF FEDERAL CIVIL RIGHTS**

**42 U.S.C. Section 1983**

**(As to City Defendants and Does III-X)**

32. Defendant incorporates herein its responses to the allegations contained in Paragraphs 1 through 31 as previously set forth.

33. Admitted.

34. Defendant denies the allegations set forth in Paragraph 34.

35. Defendant denies the allegations set forth in Paragraph 35.

**SECOND CAUSE OF ACTION**

**TRESPASS**

**(As to Defendants Brookfield, Williams and Does X-XX)**

36 – 38, inclusive. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 36 through 38, inclusive, and on that basis, denies each and every allegation set forth therein.

///

///

**THIRD CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(As to All Defendants)**

39. Defendant incorporates herein its responses to the allegations contained in Paragraphs 1 through 35 as previously set forth.

40. Defendant denies the allegations set forth in Paragraph 40.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 and on that basis, denies each and every allegation set forth therein.

42. Defendant denies the allegations set forth in Paragraph 42.

43. Defendant denies the allegations set forth in Paragraph 43.

**FOURTH CAUSE OF ACTION**

**CONSPIRACY TO DRPRIVE PLAINTIFFS' CIVIL RIGHTS**

**(42 U.S.C. Section 1983)**

**(As to Williams, Brookfield, Does XX to XXV and All City Defendants Except Rosen and Wong)**

44. Defendant incorporates herein its responses to the allegations contained in Paragraphs 1 through 35 and 39 through 43 as previously set forth.

45. Defendant denies the allegations set forth in Paragraph 45.

46. Defendant denies the allegations set forth in Paragraph 46.

47. Defendant denies the allegations set forth in Paragraph 47.

**FIFTH CAUSE OF ACTION**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**(As to All Defendants)**

48. Defendant incorporates herein its responses to the allegations contained in Paragraphs 1 through 35 and 39 through 47 as previously set forth.

49. Defendant denies the allegations set forth in Paragraph 49.

**SIXTH CAUSE OF ACTION**

**INJUNCTIVE RELIEF**

50. Defendant incorporates herein its responses to the allegations contained in Paragraph 1 through 35 and 39 through 49 as previously set forth.

51. Defendant denies the allegations set forth in Paragraph 51.

52. Defendant denies the allegations set forth in Paragraph 52.

53. Defendant denies the allegations set forth in Paragraph 53.

**SEVENTH CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(As to Defendant City)**

54. Defendant incorporates herein its responses to the allegations set forth in Paragraphs 1 through 35 and 39 through 53 as previously set forth.

55. Admitted.

56. Admitted.

57. Admitted.

58. Defendant denies the allegations set forth in Paragraph 58.

59. Defendant admits that a declaration of rights and obligations of the parties is appropriate and would avoid multiplicity of litigation. Defendant denies each and every remaining allegation set forth in Paragraph 59.

**AFFIRMATIVE DEFENSES**

**I.**

**AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,** defendant alleges that the complaint fails to state a claim upon which relief can be granted.

///

///

II.

**AS A FURTHER, SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,** defendant alleges that the injuries and damages plaintiffs complain of resulted from the acts and/or omissions of others, and without any fault on the part of this answering defendant.

III.

**AS A FURTHER, THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,** defendant alleges that any party or individual who contributed to and/or caused the alleged damages was not acting as its agent or with its knowledge or within the course and/or scope of employment with Defendant CITY OF OAKLAND.

IV.

**AS A FURTHER, FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,** defendant alleges that plaintiffs' claims are barred by all applicable California Government Code protections and immunities, including, but not limited to, sections 815 through 900, inclusive. Said sections are pleaded as though fully set forth herein.

V.

**AS A FURTHER, FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE,** defendant alleges that all of the actions of defendant were undertaken in good faith and with the objectively reasonable belief that such actions were valid, necessary, reasonable, lawful and constitutionally proper, entitling this answering defendant to the qualified immunity of good faith.

VI.

**AS A FURTHER, SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE,** defendant alleges that, if it in any fashion caused the injuries or damages alleged, although such liability is expressly denied herein, its acts and/or omissions were

reasonable and privileged.

VII.

AS A FURTHER, SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendant alleges, on information and belief, that plaintiffs failed to mitigate damages.

VIII.

AS A FURTHER, EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendant alleges that, to the extent that plaintiffs allege or assert matters not contained in a legally sufficient claim filed by them, this action is barred by the claims requirements set forth in Government Code Section 905, et seq.

IX.

AS A FURTHER, NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendant alleges that this action is barred under Government Code § 945.6 by plaintiffs' failure to file this action within six months after denial of their claim by defendant.

X.

AS A FURTHER, TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendant alleges that this action is barred by all applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 338, 340 and 342.

XI.

AS A FURTHER, ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendant alleges that this action is barred by the doctrine of unclean hands.

XII.

AS A FURTHER, TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendant alleges that this action is barred by the doctrine of laches.

///

///

XIII.

**AS A FURTHER, THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**, defendant alleges plaintiffs assumed the risk inherent in their own conduct, in full knowledge of the likelihood of injury and/or damages.

XIV.

**AS A FURTHER, FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**, defendant alleges that, pursuant to the provisions of California Government Code §820.4, the City is immune from liability as the City's actions are an attempt to validly enforce a law of the City of Oakland under the City's police powers.

XV.

**AS A FURTHER, FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**, defendant alleges that, pursuant to California Government Code §820.2, the City is immune from liability as the City's actions are an act of official discretion of the City.

XVI.

**AS A FURTHER, SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**, defendant alleges that, if it performed any of the acts and/or omissions complained of herein, then defendant was advancing a legitimate public interest.

XVII.

**AS A FURTHER, SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**, defendant alleges that, at all times herein mentioned, the acts complained of, if any there were, were privileged under applicable statutes and case law.

XVIII.

**AS A FURTHER, EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**, defendant alleges that, the complaint fails to state facts sufficient to constitute a cause of action or for entitlement to recovery of attorneys' fees under either California

C.C.P. section 1095 or Government Code section 800.

XIX.

**AS A FURTHER, NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**, defendant alleges that plaintiffs' claim for punitive damages is barred and precluded by Government Code Section 818.

**WHEREFORE,** defendant prays that:

1. Plaintiffs take nothing by their First Amended Complaint;
2. Defendant have judgment against Plaintiffs;
3. That there be a declaration that City of Oakland's Blight Ordinance and Vehicle Abatement Ordinance were at all times relevant to this action valid and enforceable laws under the City of Oakland's police powers; and that there be a declaration that a real controversy exists regarding the status of plaintiffs' vehicles at all times relevant herein.
4. Defendant be awarded its costs of suit; and
5. For such other and further relief as the Court may deem proper.

DATED: February 10, 2005

JOHN A. RUSSO, City Attorney
RANDOLPH W. HALL, Chief Assistant City Attorney
WILLIAM E. SIMMONS, Supervising Trial Attorney
ARLENE M. ROSEN, Senior Deputy City Attorney

By: [signature]
Attorneys for Defendant
CITY OF OAKLAND

**PROOF OF SERVICE**
**John L. Wheeler, et al. v. City of Oakland, et al.**
**Alameda County Superior Court No. RG04171730**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is One Frank H. Ogawa Plaza, 6th Floor, Oakland, California 94612. On the date shown below, I served the within document:

DEFENDANT CITY OF OAKLAND'S ANSWER TO FIRST AMENDED COMPLAINT

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth.

☐ by causing personal delivery by _________________ of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by personally delivering the document(s) listed above to the person(s) set forth below.

Thomas E. Ho'Okano, Esq.
Law Office of Thomas E. Ho'Okano
44 Montgomery Street, Suite 1300
San Francisco, California 94104

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 10, 2005, at Oakland, California.

BARBARA J. WOODS