IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WHEELER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, et al.,<br><br>    Defendants.<br>_____/ | No. C 05-0647 SBA<br><br>**ORDER**<br><br>[Docket Nos. 45, 49] |

    On February 11, 2005, defendant City of Oakland filed a Notice of Removal, thereby removing the above-captioned action to this Court.  Also on February 11, 2005, this Court scheduled the initial Case Management Conference to take place on June 15, 2005.

    On May 27, 2005, Plaintiffs filed a Motion for Entry of Default as to defendants Brookfield Homeowners Association and Wiley Williams.  On May 31, 2005, the Clerk of Court declined to enter default.

    On June 6, 2005, Plaintiffs and the City of Oakland (the "City") filed a Joint Case Management Conference Statement.

    On June 7, 2005, Plaintiffs filed a renewed Motion for Entry of Default as to defendants Brookfield Homeowners Association and Wiley Williams.  On June 8, 2005, the Clerk of Court entered default against Brookfield Homeowners Association and Wiley Williams.

    On June 15, 2005, the Court held a Case Management Conference.  On July 29, 2005, the Court issued its Order for Pretrial Preparation ("Pretrial Order").  Pursuant to the Pretrial Order, this case is scheduled to proceed to trial on June 26, 2006.

On January 30, 2006, the Court issued an Order noting that there had been no activity in the case since the Pretrial Order was filed. The Court also noted that Plaintiffs had not filed any proofs of service with the Court showing that defendants Ronald Abad ("Abad"), David Carrillo ("Carillo"), Richard Fielding ("Fielding"), James Fisher ("Fisher"), David Kozicki ("Kozicki"), Isaac Wilson ("Wilson"), Isagani Pugao ("Pugao"), Arlene M. Rosen ("Rosen"), or Calvin Wong ("Wong") had been served with the summons and the First Amended Complaint. Accordingly, Plaintiffs were ordered to show cause as to why those defendants should not be dismissed from the lawsuit. Plaintiffs were also ordered to show cause as to why a motion for default judgment had not been filed with respect to Brookfield Homeowners Association and Wiley Williams.

On February 8, 2006, Plaintiffs' counsel filed a Certificate of Counsel in response to the Court's Order to Show Cause. The Certificate indicated that all defendants but Calvin Wong had been served with the summons and the First Amended Complaint. Counsel for Plaintiffs also indicated that Plaintiffs were waiting to file a motion for default judgment against defendants Brookfield Homeowners Association and Wiley Williams until after the action had been resolved with respect to the remaining defendants.

On March 3, 2006, defendants Abad, Carrillo, Fielding, Fisher, Kozicki, Wilson, Pugao, and Rosen (collectively referred to herein as the "Individual Defendants") voluntarily appeared in the action by filing a Motion to Dismiss. Also on March 3, 2006, the City filed a Motion for Judgment on the Pleadings. On March 13, 2006, the Court issued an Order vacating the Order to Show Cause as moot.

On April 28, 2006, the Court issued an Order granting in part and denying in part the Individual Defendants' Motion to Dismiss and granting the City's Motion for Judgment on the Pleadings. Pursuant to the Court's April 28, 2006 Order, the City was dismissed from the lawsuit with prejudice. Additionally: (1) Plaintiffs' first cause of action was dismissed with prejudice with respect to defendants Fielding, Fisher, Wilson, and Rosen; (2) Plaintiffs' third and fifth causes of action were dismissed with prejudice; and (3) Plaintiffs' fourth cause of action was dismissed with prejudice. Defendant Calvin Wong was also dismissed without prejudice due to Plaintiffs' failure to comply with Federal Rule of Civil Procedure 4(m).

On May 2, 2006, defendants Abad, Carillo, Kozicki, and Pugao filed a Motion to Modify Case

2

Management Deadline Pursuant to Local Rule 6-3. In the Motion to Modify Case Management Deadline, defendants Abad, Carillo, Kozicki, and Pugao request leave to file a belated motion for summary judgment in order to resolve the remaining issues in the case, thereby obviating the need for a trial. On May 3, 2006, Plaintiffs filed an opposition to the Motion to Modify Case Management Deadline. In the opposition, Plaintiffs' counsel, Mr. Thomas Ho'okano attempts to cast blame on Deputy City Attorney Gloria Lee for failing to file defendants' summary judgment motions before the motion cut-off deadline of May 2, 2006. Mr. Ho'okano also requests that the Court decline to consider any summary judgment motions before the Court has had a chance to review, and rule on, Plaintiffs' Motion for Leave to File a Motion for Reconsideration. On May 8, 2006, Plaintiffs filed a Motion for Leave to File a Motion for Reconsideration.

On May 23, 2006, the parties filed a Stipulation to Amend the Pre-Trial Order, to Extend the Time for Motions and to Continue the Trial Date.[1]

Having read and considered the parties' submissions, the Court notes that <u>both</u> parties are equally at fault for the current predicament they find themselves in. For example, while it is true that the City's decision to wait until the very last minute to file a motion for judgment on the pleadings has contributed to a substantial amount of the delay in this case, Plaintiffs' failure to properly serve the individual defendants – necessitating the issuance of an order to show cause – has also wreaked havoc on the Court's ability to facilitate a timely and orderly resolution of this case. Indeed, due to Plaintiffs' failure to effectively prosecute this action, this case remained inactive for a period of over six months. In sum, the Court <u>sternly</u> disapproves of the way that this case has been handled by all of the parties. Nevertheless, the Court recognizes the fact that judicial economy will likely be furthered if the relevant legal issues can be narrowed, or the case resolved, before additional resources are expended on a trial.

Therefore, in order to most efficiently address and resolve the current issues that have been presented to the Court,

IT IS HEREBY ORDERED THAT defendants Abad, Carillo, Kozicki, and Pugao's Motion to

---

[1] In the Stipulation, the parties request a trial date of September 25, 2006. However, they do not specify any dates for the other relevant pretrial deadlines, such as the motion cut-off date, the pretrial preparation deadline, or the pretrial conference date.

1 Modify Case Management Deadline [Docket No. 45] is GRANTED IN PART.  The parties shall 2 **immediately** meet and confer and, after consulting with the Courtroom deputy as to the available trial 3 dates, file an amended stipulation with the Court, **no later than June 6, 2006,** that sets forth new 4 proposed dates for a motion cut-off deadline, pretrial filing deadline, pretrial conference, and trial.  The 5 parties' proposed trial date shall be no later than **December 11, 2006**.  **The parties are hereby advised** 6 **that the June 13, 2006 pretrial conference and June 26, 2006 trial date will NOT be vacated until** 7 **the Court has reviewed, and approved, the parties' amended stipulation**.

8 IT IS FURTHER ORDERED THAT defendants City of Oakland, Abad, Carillo, Fielding, 9 Fisher, Kozicki, Wilson, Pugao, and Rosen shall file a response to Plaintiffs' Motion for Leave to File 10 a Motion for Reconsideration [Docket No. 49] **no later than June 13, 2006.** Defendants' response shall 11 not exceed twenty (20) pages.  Thereafter, the Motion for Leave to File a Motion for Reconsideration 12 will be taken under submission.  To conserve judicial resources, no party shall file a motion for 13 summary judgment until the Court has issued its ruling on the Motion for Leave to File a Motion for 14 Reconsideration.

15 IT IS SO ORDERED.

17 Dated: 5/25/06

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

4