UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN L. WHEELER and GLORIA A. WHEELER, | No. C-05-0647 SBA |
| Plaintiffs, | ORDER |
| v. | [Docket No. 49] |
| CITY OF OAKLAND, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' Motion for Leave to File a Motion for Reconsideration of the Court's April 28, 2006 Order, which granted Defendant City of Oakland's Motion for Judgment on the Pleadings and dismissed the City of Oakland from the lawsuit. The Order also dismissed Plaintiffs' first cause of action with respect to individual Defendants Fielding, Fisher, Wilson, and Rosen; and dismissed Plaintiffs' third, fourth, and fifth causes of action.

In their Motion for Leave to File a Motion for Reconsideration, Plaintiffs also seek to amend their First Amended Complaint (FAC).

On May 25, 2006, the Court ordered Defendants to file a response to Plaintiffs' Motion for Leave to File a Motion for Reconsideration, which they did on June 13, 2006.

For the reasons discussed herein, the Court DENIES Plaintiffs' motion.

**LEGAL STANDARD**

A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil Local Rule 7-9. The moving party must show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or
(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Parties may not repeat any oral or written arguments which were made in support of or in opposition to the interlocutory order. Civ. L.R. 7-9(c).

## **DISCUSSION**

As an initial matter, the Court considers Plaintiffs' repeated requests for leave to amend the FAC, so that they can cure the pleading deficiencies identified in the Court's April 28, 2006 Order. Plaintiffs may not amend their complaint with respect to any causes of action or defendants that have been dismissed with prejudice. Only if the Court were to grant the Motion for Reconsideration and issue an amended order dismissing claims or parties without prejudice would Plaintiffs be allowed file an amended complaint. As will be explained, the Court rejects Plaintiffs' Motion for Leave to File a Motion for Reconsideration.

Further, even if the Court had not dismissed with prejudice, Plaintiffs would not be allowed to amend at this point in the litigation: the case is set to go to trial in November 2006, and amendment would unduly prejudice Defendants. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Accordingly, Plaintiffs' requests to amend the FAC are DENIED.

### A.     First Cause of Action: Violation of 42 U.S.C. § 1983

Plaintiffs ask the Court to reconsider its decision to dismiss the § 1983 claim against the City of Oakland. This claim was dismissed because Plaintiffs failed to sufficiently plead that the City has a policy of deliberate indifference to Plaintiffs' civil rights, which is required for municipal liability under *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978). According to Plaintiffs, the Court "committed clear error" by only considering incidents within the two-year statute of limitations in deciding the *Monell* claim, thereby neglecting material facts.

Plaintiffs list three incidents occurring outside the limitations period, and argue that consideration of these incidents would alter the outcome of Defendant's Motion for Judgment on the Pleadings, because they show a "pattern or practice" by the City of Oakland of deliberate

-2-

indifference to their civil rights.

However, even taking these incidents into consideration, Plaintiffs have still not shown that the City had a "widespread" practice that was "pervasive" or "standard operating procedure." *See* Order at 12. Plaintiffs have failed to show that the Court manifestly failed to consider dispositive legal arguments which were presented to it before issuance of the Order. Further, with the exception of one incident which occurred on May 2, 2006, the "new evidence" identified in Plaintiffs' Motion was known by Plaintiffs before the Court issued the April 28, 2006 Order, and could have been raised in Plaintiffs' opposition to Defendant's Motion for Judgment on the Pleadings. In addition, this single incident does not establish a pattern or practice. As such, Plaintiffs have failed to identify new material facts which warrant reconsideration of the Order. Plaintiffs are, in essence, attempting to make new legal arguments and/or rehash arguments already raised, which is not permitted in a Motion for Reconsideration.

Plaintiffs state that they intend to ask the Court to take judicial notice of the docket and complaint in *McClinton et el v. City of Oakland, et al*, No. 98-4371 CW. Motion at 7. However, no such request has been made. Therefore, the Court will not take judicial notice of *McClinton*.

Plaintiff's Motion for Leave to File a Motion for Reconsideration of the dismissal of the first cause of action as to Defendant City of Oakland is DENIED. Leave to amend the FAC is also DENIED for the reasons discussed above.

**B.     Fourth Cause of Action:  Conspiracy under § 1983**

Plaintiffs ask the Court to reconsider its decision to dismiss with prejudice the Fourth Cause of Action, alleging a conspiracy under 42 U.S.C. § 1983. Plaintiffs assert various new facts in support of this allegation, which were discovered when Plaintiffs took the depositions of Defendants Fisher, Pugao, and Carillo on March 24, 2006, and when Defendant took the deposition of Defendant Fielding on April 3, 2006. See Motion at 13-16. Plaintiffs request an opportunity to amend the complaint, because they believe that they can cure the deficiencies contained within the FAC and sufficiently plead an agreement or "meeting of the minds."

However, as Defendants point out, Plaintiffs filed briefs in opposition to Defendants'

- 3 -

1    Motion to Dismiss on April 5 and 11, 2006, <u>after</u> the relevant depositions took place.  Thus,

2    Plaintiffs knew of the deposition testimony before the Court issued its April 28, 2006 Order, but

3    failed to present it to the Court.

4    The relevant inquiry is whether Plaintiffs have established one of the criteria identified in

5    Local Rule 7-9(b).  Plaintiffs have not shown that, despite exercising reasonable diligence, they

6    did not know of the alleged "new facts" at the time of the Court's Order, or that new facts emerged

7    after the Order was issued.  Accordingly, reconsideration is not warranted.

8    Plaintiffs' Motion for Leave to File a Motion for Reconsideration of the fourth cause of

9    action is DENIED.  Plaintiffs' request to amend the Complaint is also DENIED, for the reasons

10   discussed above.

11   **D.    Third and Fifth Causes of Action:  Intentional Infliction of Emotional Distress and**

12   **Negligent Infliction of Emotional Distress**

13   Plaintiffs contend that newly discovered material facts exist that support an allegation that

14   Plaintiffs suffered "severe emotional distress."

15   Plaintiff Gloria Wheeler was deposed on April 12, 2006.  She testified that she is worried

16   and frightened as a result of the incidents alleged in the FAC.  Further, Plaintiff John Wheeler

17   testified at his deposition that he has trouble sleeping as a result of these incidents, and that he

18   sometimes cries and has a poor appetite.  Plaintiffs' Motion at 9-10.  This testimony is merely a

19   repetition of the allegations contained in the FAC, i.e., "fright, terror, embarrassment, humiliation,

20   fear for loss of their residential and personal property, mental and emotional distress."  FAC at ¶

21   43.

22   Plaintiffs' attempt to relitigate the facts and issues that were before the Court previously is

23   rejected.  Plaintiffs have not presented material new facts as required under Rule 7-9(b).

24   Moreover, even if the deposition testimony were taken under consideration, this Court finds that it

25   fails to establish anything close to the requisite level of <u>severe</u> emotional distress necessary for

26   recovery in tort, as held in *Kiseskey v. Carpenters' Trust for Southern California*, 144 Cal. App. 3d

27   222 (Ct. App. 1983).  Emotional distress must rise to the level of  "such substantial quantity or

enduring quality that no reasonable man in a civilized society should be expected to endure it." *Id.* at 231 (citations omitted).

Plaintiffs also contend that the Court erred in holding that they failed to affirmatively allege a statutory enactment giving rise to a mandatory duty on the part of the City. Plaintiffs state that the statutory bases of the City's duty are California Vehicle Code § 22660 and 42 U.S.C. § 1983, which were obliquely referenced in the FAC. Alternatively, Plaintiffs contend that they could properly allege the statutory basis for the City's duty if given leave to amend their FAC. *See* Motion at 11-12. Defendants raised the issue of statutory duty in their Motion to Dismiss, and Plaintiffs failed to respond to it. Order at 18. The Court will not now consider arguments that Plaintiffs should have made long ago.

Accordingly, the Motion for Leave to File a Motion for Reconsideration of Plaintiffs' Third and Fifth Causes of Action is DENIED. Leave to amend the FAC is also DENIED.

**E.     Dismissal of Defendant Fisher**

Plaintiffs contend that Defendant Fisher was erroneously dismissed from the suit. According to Plaintiffs, the depositions of John Wheeler, Pugao, and Fisher establish that Fisher was in charge of the Vehicle Abatement Unit when Pugao entered Plaintiffs' property in 2002 and 2004, and that Fisher entered Plaintiffs' property and demanded to inspect Plaintiffs' covered vehicles in 2004. Motion at 16. Plaintiffs argue that the Court should reconsider its decision to dismiss Fisher because the only alleged Fourth Amendment violation by him was in 2001, and was thus time-barred.

Defendants point out that these allegations are not newly discovered, and assert that Plaintiffs are simply trying to advance a new legal theory of Fisher's liability. Opposition at 11. The Court agrees. Plaintiffs have failed to offer any evidence discovered since the Court's Order was issued (the relevant depositions took place in March 2006). Plaintiffs have also failed to explain why, given that they knew that Mr. Fisher entered their property in November 2004, they did not bring that to the Court's attention before the Court's ruling on the Motion to Dismiss in April 2006. Therefore, the Motion for Leave to File a Motion for Reconsideration of Fisher's

dismissal from the action is DENIED.  Leave to amend the FAC is also denied, for the reasons discussed above.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File a Motion for Reconsideration and request to amend the FAC are DENIED.

IT IS SO ORDERED.

Dated: 10/23/06

SAUNDRA BROWN ARMSTRONG
United States District Judge