IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHEELER, et al., | No. C-05-00647 SBA (EDL) |
| Plaintiffs, | **REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| CITY OF OAKLAND, et al., | |
| Defendants. | |

On February 11, 2005, Plaintiffs John Wheeler and Gloria Wheeler filed this action against Defendants City of Oakland, Brookfield Homeowners Association, Wiley Williams, and several City of Oakland employees and police officers, alleging that Defendants violated Plaintiffs' civil rights and committed numerous torts against them by illegally enforcing the City of Oakland's Municipal Blight Ordinance and Vehicle Abatement Ordinance against Plaintiffs' with respect to vehicles stored on their property. On June 8, 2005, default was entered against Defendants Brookfield Homeowners Association and Williams, an officer of the Brookfield Homeowners Association. On July 4, 2006, Plaintiffs filed a motion for default judgment against Brookfield and Williams.

On September 7, 2006, Plaintiff's motion for default judgment was referred to this Court pursuant to Civil Local Rule 72-1 for a Report and Recommendation. Because this matter is appropriate for decision without oral argument, the October 30, 2006 hearing was vacated.

**Legal Standard**

Federal Rule of Civil Procedure 55(b)(2) authorizes the Court to enter judgment against a defendant against whom a default has been entered, assuming that defendant is not an infant, is not

1 incompetent or in military service.  "The general rule of law is that upon default the factual
2 allegations of the complaint, except those relating to the amount of damages, will be taken as true."
3 Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) (citing Pope v. United States,
4 323 U.S. 1, 12 (1944)).  Generally, upon entry of default, the factual allegations of the complaint are
5 taken as true, except for those relating to damages.  See Televideo Systems, Inc. v. Heidenthal, 826
6 F.2d 915, 917 (9th Cir.1987).

**Facts**

According to the complaint, Plaintiffs are the owners of 181 Hunter Avenue in Oakland and of three automobiles, a 1957 Bentley, a 1975 Mercedes Benz and a 1987 Chrysler.  First Amended Compl. ("FAC")  ¶¶ 12-13.  The vehicles were mechanically operable, insured and registered and were not abandoned, and were parked in Plaintiffs' driveway or parking pad.  Id. ¶¶ 14-15.  Since 2000, Defendants entered onto Plaintiffs' property to inspect the vehicles and Plaintiffs have been wrongfully cited for parking the vehicles in unapproved locations.  Id. ¶¶ 17-19.  In September 2000, after a hearing, Plaintiffs received a letter apologizing for the misapplication of the municipal ordinances.  Id. ¶ 20.  After that, in 2001 and 2002, Defendants continued to come to Plaintiffs' property to inspect the cars and to fine Plaintiffs.  Id. ¶ 21.  Plaintiffs complained to the City that they were being continually harassed about these vehicles.  Id. ¶ 24.  The City Auditor opined that the City wrongfully applied the municipal ordinances under which Plaintiffs were being fined.  Id. ¶ 24.  Plaintiffs allege, however, that they continued to be harassed in 2003.  Id. ¶¶ 25-26.  In 2004, the City Auditor again opined that the ordinances did not apply to Plaintiffs' vehicles.  Id. ¶ 27.  Yet Plaintiffs continued to be cited in 2004.  Id. ¶¶ 28-29.

Plaintiffs allege specifically that Defendant Williams, acting on behalf of the Brookfield Homeowners Association, wrongfully entered onto the property on several occasions from 2000 to 2004.  Id. ¶ 30.  Plaintiffs also allege that Williams, on behalf of the Association, conspired with the City to harass Plaintiffs and to deprive them of their rights.  Id.

**Discussion**

In their motion, Plaintiffs seek compensatory and punitive damages from Defendants Brookfield and Williams.  Specifically, Plaintiffs argue that these Defendants trespassed on their

2

1  property seven times (see Wheeler Decl. ¶ 3) for which Plaintiffs seek $1,000 in compensatory
2  damages and $40,000 in punitive damages for each trespass, for a total of $287,000.  Plaintiffs seek
3  $1,000 in compensatory damages and $40,000 in punitive damages for each of nine occasions on
4  which Plaintiffs say that the City violated their rights and entered their property (FAC ¶¶ 18-19, 21-
5  22, 25-26) at the urging of Defendants Brookfield and Williams (FAC ¶ 30), for a total of $369,000.
6  Plaintiffs also seek $1,000 in compensatory damages and $40,000 in punitive damages for each of
7  six wrongfully issued Notice to Abate or Notice of Violation that were issued by the City (FAC ¶¶
8  19, 25, 26, 28, 29) at the urging of Defendants Brookfield and Williams (FAC ¶ 30), for a total of
9  $246,000.  In total, Plaintiffs seek $902,000 in damages.
10      Plaintiffs, however, have not provided sufficient evidence to support the damages sought in
11  their motion for purposes of default judgment.  The only evidence with respect to damages
12  submitted by Plaintiffs was the declaration of John Wheeler.  Mr. Wheeler adequately states that he
13  has suffered emotional distress as a result of Defendants' conduct, but his declaration does not
14  provide any calculation of any specific amounts of damages.  It is not clear to the Court the extent to
15  which Plaintiffs have suffered compensatory damages.  Further, Plaintiffs have provided no
16  evidence of Defendants' wealth from which the Court could begin to calculate an appropriate
17  punitive damages award.  See Professional Seminar Consultants, Inc. v. Sino American Technology
18  Exchange Council, 727 F.2d 1470, 1473 (9th Cir. 1984) (stating that the factors to be considered in
19  fixing a punitive damage award are: (1) the nature of the defendants' acts; (2) the amount of
20  compensatory damages awarded; and (3) the wealth of the defendants); Shanghai Automation
21  Instrument Co. v. Juei, 194 F. Supp. 2d 995, 1008 (N.D. Cal. 2001) (declining to award punitive
22  damages for default judgment where there was insufficient evidence of the defendants' wealth); see
23  also William W. Schwarzer, et al., Civil Procedure Before Trial, § 6:99.1 (Rutter Group 2005)
24  (punitive damages cannot be awarded on default judgment without a prove-up hearing because they
25  are not liquidated or readily computable).
26      For the foregoing reasons, the Court recommends denying the motion for default judgment
27
28

3

1  without prejudice.[1]  Any party may serve and file specific written objections to this recommendation
2  within ten (10) court days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ.
3  P. 72; Civil Local Rule 72-3.  Failure to file objections within the specified time may waive the right
4  to appeal the district court's order.

5  Dated: October 30, 2006

    *Elizabeth D. Laporte*
    ELIZABETH D. LAPORTE
    United States Magistrate Judge

---

[1]  Plaintiffs have also not met their burden of providing evidence to show that these Defendants are not infants, incompetent or in military service. Fed. R. Civ. P. 55(b)(2).